**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CLARENCE HENREY IVES, JR.,**

                **Plaintiff,**           5:12-cv-471
                                                    (GLS)

                v.

**CAROLYN W. COLVIN,**
Acting Commissioner of Social Security,[1]

                **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Binder, Binder Law Firm                CHARLES E. BINDER, ESQ.
60 East 42nd Street
Suite 520
New York, NY 10165

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     REBECCA H. ESTELLE
United States Attorney                  Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904

---

[1] The Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly. *See* Fed. R. Civ. P. 25(d).

New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Clarence Henrey Ives, Jr. challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Ives' arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On June 30, 2009, Ives filed an application for DIB under the Social Security Act ("the Act"), alleging disability since February 12, 2008. (*See* Tr.[2] at 50, 101-05.) After his application was denied, (*see id.* at 51-54), Ives requested a hearing before an Administrative Law Judge (ALJ), which was held on August 25, 2010, (*see id.* at 30-49, 57-58). On November 3, 2010, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 6.)

Social Security Administration Appeals Council's denial of review. (*See id.* at 1-5, 14-29.)

Ives commenced the present action by filing his Complaint on March 15, 2012 wherein he sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 5, 6.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 9, 12.)

### III. <u>Contentions</u>

Ives contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 9 at 11-24.) Specifically, Ives claims that the ALJ: (1) failed to follow the treating physician rule; (2) failed to consider all of his severe impairments; (3) improperly evaluated his obesity; (4) improperly evaluated his credibility; and (5) erred by relying on the Medical-Vocational Guidelines. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 12 at 5-21.)

### IV. <u>Facts</u>

The court adopts the parties' undisputed factual recitations. (*See*

Dkt. No. 9 at 1-10; Dkt. No. 12 at 1.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

Among several other arguments, Ives contends that the ALJ failed to consider all of his severe impairments. (*See* Dkt. No. 9 at 15-18.) According to Ives, both his mental impairments and headaches constitute severe impairments under the regulations. (*See id.*) The Commissioner counters that the ALJ's findings at step two of the sequential evaluation are supported by substantial evidence. (*See* Dkt. No. 12 at 5-11.)

At step two of the sequential analysis, the ALJ must "determine whether the claimant has a severe impairment." *Christiana*, 2008 WL 759076, at *3; *see* 20 C.F.R. § 404.1520(a)(4)(ii), (c). A "severe

4

impairment" is "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Basic work activities are "the abilities and aptitudes necessary to do most jobs," including: "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling" as well as "[u]nderstanding, carrying out, and remembering simple instructions; [u]se of judgment; [r]esponding appropriately to supervision, co-workers and usual work situations; and [d]ealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). Indeed, when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities," a finding of "not severe" is warranted. SSR 85-28, 1985 WL 56856, at *3 (1985); *see* 20 C.F.R. § 404.1521(a). Notably, the omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis

5

continues and the ALJ later considers the impairment in her residual functional capacity determination (RFC).[3] *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011).

Here, the ALJ found that Ives' post traumatic stress disorder, history of drug and alcohol dependence, and depression, considered singularly and in combination, did not cause more than minimal limitations in Ives' ability to perform the basic mental activities of work. (*See* Tr. at 20.) According to the ALJ, Ives suffered mild limitations to his activities of daily living, social functioning, and concentration, persistence, and pace. (*See id.*) The ALJ also found that Ives had experienced no documented episodes of decompensation. (*See id.*) In addition, the ALJ determined that Ives' migraine headaches were not severe because he did not receive regular treatment for them and managed them with over-the-counter medications. (*See id.* at 19.) The ALJ further noted that Ives did not follow his doctors instruction to make a diary of his headaches. (*See id.*)

---

[3] A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

With respect to Ives' mental impairments, substantial evidence supports the ALJ's determination that they did not significantly limit his ability to do basic work activities. Specifically, the ALJ noted that Ives can feed, dress, and bathe himself, cook meals on a daily basis, clean and perform household chores, such as mowing the lawn, and drive a vehicle. (*See id.* at 20, 128-30.) Ives also reported that he was very close to his family and loved spending time with them, and regularly attended church, narcotics anonymous meetings, and alcoholics anonymous meetings. (*See id.*) Finally, although Ives reported that he "sometimes" has problems paying attention, he also reported that he reads, watches television, plays chess, and plays cards. (*Id.* at 133; *see id.* at 20, 131.) In any event, as the ALJ proceeded with the disability analysis and considered Ives' mental impairments in making her RFC determination, there is no basis to remand this matter based upon that finding. (*See id.* at 23); *Tryon*, 2012 WL 398952, at *4.

Turning to Ives' headaches, he contends that the ALJ erred by failing to consider the opinion of treating physician Mitu Maskey. (*See* Dkt. No. 9 at 14; Tr. at 19.) Dr. Maskey opined that Ives suffered daily migraine headaches that lasted approximately one hour and caused

7

photosensitivity, visual disturbances, mood changes, and mental confusion or an inability to concentrate. (*See id.* at 810-15.) According to Dr. Maskey, the headaches interfered with Ives' attention and concentration frequently, and, as a result of the headaches, Ives was not capable of tolerating even low stress and would be absent from work more than three days a month. (*See id.* at 813-14.) Further, during times Ives suffered a headache, he would generally be precluded from performing even basic work activities. (*See id.* at 814.) In addition to omitting an evaluation of this evidence from Dr. Maskey, Ives argues that the ALJ erred in finding that his treatment related to his headaches was sporadic. (*See* Dkt. No. 9 at 17.)

The Commissioner claims that, because Dr. Maskey's opinion was internally inconsistent, the opinion was not entitled to "significant weight." (Dkt. No. 12 at 7.) In particular, Dr. Maskey opined that Ives' pain had been completely resolved with medication. (*See* Tr. at 813.) Further, the Commissioner argues that Dr. Maskey is a specialist in internal medicine, as opposed to a relevant specialty, and, thus, does not deserve great weight. (*See* Dkt. No. 12 at 13.) However, the ALJ did not simply assign improper weight to Dr. Maskey's opinion, she failed to consider the opinion

8

at any point in her analysis. (*See* Tr. at 19-24.) Further, contrary to the Commissioner's assertion, (*see* Dkt. No. 12 at 6), Ives continued to complain of headaches after September 2009, (*see* Tr. at 634-35). Specifically, in November 2009 he reported to Dr. Maskey that he suffers migraines that are "8/10" and cause spots in front of his eyes, in February 2010 he complained to Dr. Maskey of suffering from a migraine during his appointment, and in May 2010 he noted to his psychiatrist that he suffered chronic pain and migraines. (*Id.* at 707; *see id.* at 778-79, 799-800.)

Moreover, even if Ives' headaches were not severe, the ALJ failed to consider them during her subsequent RFC determination, as required by the applicable regulations. (*See id.* at 21-24); 20 C.F.R. § 404.1545(a)(2). Although the ALJ noted that Ives claimed disability, in part, based on his headaches, she failed to discuss the limitations Ives alleged related to, and Dr. Maskey attributed to, his headaches. (*See* Tr. at 21-24, 39-40, 48, 810-15.) While the limitations resulting from his headaches may not be debilitating, the ALJ's failure to discuss why no limitations relating to his headaches were included in the RFC, in light of the above cited evidence, necessitates remand. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (requiring the Commissioner to set forth "the crucial factors in [her]

determination . . . with sufficient specificity to enable [the court] to decide whether the determination is supported by substantial evidence").

Finally, because Ives' remaining contentions may be impacted by the subsequent proceedings directed by this Order, it would be improper for the court to consider them at this juncture.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Clerk is directed to substitute Carolyn W. Colvin, Acting Commissioner of Social Security, for defendant Michael J. Astrue, and amend the caption accordingly; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 15, 2013
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court